**SHENGZHE DONG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70856.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 20, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shengzhe Dong, Walnut, CA, pro se.

OIL, Edward C. Durant, Esquire, Allen W. Hausman, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Shengzhe Dong, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Holder,* 559 F.3d 1096, 1102 (9th Cir.2009), and we grant and remand the petition for review.

The IJ's adverse credibility determination is not supported by substantial evidence because Dong explained why his cousin was wanted by the North Korean government, *see Tekle v. Mukasey,* 533 F.3d 1044, 1052–55 (9th Cir.2008), the perceived inconsistencies between Dong's testimony and declaration as to whether he was locked to a heating pipe or air conditioning unit are minor inconsistencies that do not go to the heart of the claim, *see Li,* 559 F.3d at 1103–05, and Dong was not given an opportunity to explain the omissions in his declaration and testimony that the IJ relied upon, *see Soto–Olarte v. Holder,* 555 F.3d 1089, 1091–92 (9th Cir. 2009).

Additionally, the BIA did not have the benefit of our intervening decision in *Li,* 559 F.3d at 1099, which holds that substantial evidence did not support the BIA's finding that the petitioner was a mere criminal subject to prosecution when the petitioner violated no Chinese law, but instead came to the aid of refugees in defiance of China's unofficial policy of discouraging aid to refugees.

Accordingly, we grant the petition to review with respect to Dong's asylum, withholding of removal, and CAT claims, and remand to the BIA on an open record. *See Soto–Olarte,* 555 F.3d at 1096; *see also INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.